# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Tong Moua,<br><br>Defendant. | Case No. 16-cr-104 (SRN/TNL)<br><br>**MEMORANDUM OPINION AND ORDER** |

LeeAnn K. Bell & Melinda A. Williams, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff.

Tong Moua, Reg No. 20582-041, USP-Atwater, PO Box 019001, Atwater, CA 85301, pro se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Tong Moua's Pro Se Motion to Vacate, Set Aside, or Correct the Sentence Imposed Pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") [Doc. No. 164]. Based on a review of the files, records and proceedings herein, and for the reasons set forth below, the Court denies Defendant's § 2255 Motion.

## I. Factual and Procedural Background

### A. Discovery Disclosures

On April 12, 2016, Defendant was indicted for two robberies that took place in the St. Paul, Minnesota area. (Indictment [Doc. No. 12].) On September 21, 2016, a Superseding Indictment [Doc. No. 49] was filed charging Defendant with a total of six

bank robberies and one attempted bank robbery that occurred between August 29, 2015 and March 1, 2016.

The Government made discovery disclosures of documents Bates numbered 1-2144 on April 29, 2016. (Gov't Ex. A [Doc. No. 175-1].) Because the Government was initially unable to complete its redaction process, the parties agreed to a temporary protective order to allow Defendant to review the evidence against him, but prohibited him from retaining personal copies. (Becker Aff. [Doc. No. 175-7] at 1.)

After production, the Government's investigator, John Lageson, met with Defendant to review the discovery materials twice—once on May 18, 2016 and again on June 3, 2016. (*Id.*) However, Defendant also wanted his own copy of the discovery materials. (*Id.*) So, on August 30, 2016, Defendant was provided with a redacted copy of all the discovery materials with the personal identifying information of any victims or witnesses removed. (Gov't Ex. D [Doc. No. 175-4].)

B.  **Plea Negotiations**

An initial plea offer was conveyed on April 18, 2016, proposing a Rule 11(c)(1)(C) agreement to 240 months. (Becker Aff. at 2.) Defendant's counsel, James Becker, relayed the offer to Defendant on April 22, 2016, and explained that this offer precluded his ability to request a variance. (*Id.* at 3.)

A second plea offer was made on July 15, 2016, proposing that Defendant agree to a sentence between 120 and 240 months, with the Government indicating that it would seek 240 months' imprisonment. (*Id.* at 3.) Defendant's counsel reviewed this offer with Defendant on August 9, 2016, and also discussed a possible acceptance of responsibility

reduction, as well as the ability to request any sentence between 120 and 240 months. (*Id.*)

That same day, Defendant and counsel met with the Government for a reverse proffer. (*Id.* at 2.) The Government explained to Defendant that if he pled guilty to Count 2 and admitted responsibility for the additional six robberies he was charged with, the Government would request a three-level reduction for acceptance of responsibility. (Gov't Ex. F [Doc. No. 175-6] at 22.) The resulting Guidelines range, the Government explained, would be 120 to 150 months' imprisonment. The final plea offer proposed a Rule 11(c)(1)(C) plea agreement, wherein the Defendant could not ask for less than 120 months, and the Government could not ask for more than 180 months. (*Id.*) No plea offer was accepted.

### C. Trial and Sentencing

Defendant proceeded to trial. He was convicted on Counts 1 and 2: an attempted bank robbery and a bank robbery. He was acquitted on Count 3, an August 29, 2015 bank robbery. The jury was unable to reach a verdict on the remaining four counts. (Dec. 19, 2016 Minute Entry [Doc. No. 90].)

Defendant was sentenced on May 4, 2017. (May 4, 2017 Sentencing Tr. [Doc. No. 155].) Without objection, the Court adopted the factual findings contained in the Presentence Investigation Report. (*Id.* at 4:15–23.) The Court found that Defendant's Guidelines range was between 120 to 150 months' imprisonment. (*Id.* at 19:19.)

The Government sought an upward variance due to Defendant's violent criminal history, the four robbery counts for which the jury was unable to reach a verdict, the need

3

to deter future crimes, and the need to protect the public. (Gov't Position on Sentencing [Doc. No. 123].) Defendant opposed the Government's motion, but did not formally request a downward departure or variance. (May 4, 2017 Sentencing Tr. at 5:17–25.) Defendant's counsel indicated that Defendant was "comfortable with the Court exercising its own discretion in determining what an appropriate sentence might be." (*Id.* at 5:11–16.) However, Defendant's counsel did describe for the Court the difficulties of Defendant's childhood in a refugee camp, his strong family support, and his commitment to participate in positive programming while incarcerated as well as other mitigating factors. (*Id.* at 6:18–11:4.)

The Court concluded that it would not consider the four additional robberies in its sentence. (*Id.* at 20:24–21:2.) The Court sentenced Defendant to 150 months' imprisonment, a three-year term of supervised release, and $7,335.19 in restitution. (*Id.* at 15:16–16:5.) Defendant appealed his sentence, but the Eighth Circuit denied his appeal on May 18, 2017. (*USA v. Tong Moua*, App. Case No. 17-2046, July 11, 2018 [Doc. No. 123].)

### D. § 2255 Motion

On February 19, 2019, Defendant filed the instant § 2255 Motion. In it, Defendant argues that he received ineffective assistance of counsel stemming from his counsel's alleged failure to provide Defendant proper information about the relative advantages and disadvantages of pleading guilty and because his counsel failed to file a motion for a downward variance at Defendant's sentencing. (*See* Def.'s § 2255 Mot. at 3.)

On May 8, 2019, the Government responded and urged the Court to deny the §

2255 Motion. [Doc. No. 175.]

## II. Discussion

### A. Legal Standard

Under § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). This relief is only available in limited circumstances and is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). Petitioner bears the burden of proof as to each ground for relief. *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969).

In order to obtain relief for ineffective assistance of counsel, Defendant must establish both that his counsel's performance "fell below an objective standard of reasonableness" and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Defendant bears the burden of establishing to a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. *Id.*

5

Proof of ineffective assistance of counsel is a "heavy burden," *Apfel*, 97 F.3d at 1076, requiring a defendant to show that the deficiency in counsel's performance was "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687. A defendant must show that counsel's errors were not the result of "reasonable professional judgment." *Id.* at 690. Moreover, a court's review of counsel's performance is highly deferential, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

### B. Ineffective Assistance of Counsel

#### 1. Counsel's Advice Regarding the Merits of Pleading Guilty or Going to Trial

Defendant argues that he received ineffective assistance of counsel because his counsel failed to advise him of the relative merits of pleading guilty versus going to trial. (Def.'s § 2255 Mot. at 3–4.) Specifically, Defendant contends that his counsel failed to provide him with necessary discovery materials, failed to advise him that Defendant's choice to plead guilty would lead to a three-level reduction in his offense level for acceptance of responsibility, and failed to advise him that counsel could file a variance motion at Defendant's sentencing. (*Id.*)

Defendant has not sufficiently demonstrated that his counsel's performance fell below the objective standard of reasonableness. First, Defendant has not shown that he was not provided with adequate discovery materials. Defendant's counsel and the Government's investigator repeatedly visited Defendant to review discovery. (Becker Tr.

at 1–2; Gov't Ex. D.) And, when Defendant wanted his own copy of discovery materials, the Government provided him with a redacted copy. (Becker Tr. at 2.)

Second, Defendant has not established that he was not properly informed that his choice to plead guilty would result in a three-level reduction for acceptance of responsibility. (*Id.* at 3.) Defense counsel explained that he discussed the acceptance of responsibility reduction throughout the plea negotiation process. (*Id.* at 2–3.) Moreover, an acceptance of responsibility reduction was also incorporated into the Government's reverse proffer to Defendant. (Gov't Ex. F [Doc. No. 175-6] at 23.)

Finally, Defendant has failed to present sufficient evidence that he was not aware that he could request a variance at sentencing. At sentencing, Defendant's counsel affirmatively stated that "Mr. Moua[] decided that he is comfortable with the Court exercising its own discretion in determining what an appropriate sentence might be." (May 4, 2017 Sentencing Tr. at 5:11–16.)

Because counsel was objectively reasonable in his efforts to advise Defendant on the relative merits of going to trial as opposed to pleading guilty, Defendant has failed to prove his claim for ineffective assistance of counsel.

### 2. Prejudice

Defendant also argues that, had he been advised of "his rights with respect to [a] plea of guilty versus proceeding to trial," he "would not have proceeded to trial and would have pleaded guilty." (Def.'s § 2255 Mot. at 3, 5.) In addition, Defendant argues that, as a result of counsel's failure to move for a downward variance, "the outcome of

the proceeding would have been different." (*Id.* at 6.)

A defendant can only show prejudice, after rejecting a proposed plea and proceeding to trial, if the plea agreement would have resulted in a lesser sentence. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995). In addition, a defendant must show that, but for his counsel's advice, he would have accepted the plea. *Id.*

Defendant cannot show prejudice here. The final plea agreement offered to Defendant required that Defendant plead guilty to Count 2 and admit to all of the relevant conduct in the charged robberies. (Becker Tr. at 6.) This placed Defendant's Guideline range between 120 and 150 months, including a three-level reduction for acceptance of responsibility. (*Id.*)

Post-trial, Defendant did not receive the three-level reduction for acceptance of responsibility, but he was also not held accountable for the robberies for which he was acquitted or for which the jury could not reach a verdict. (May 4, 2017 Sentencing Tr. at 20:24–21:2.) As such, Defendant's post-trial Guideline's range was also between 120 and 150 months. (*Id.* at 19:19.) Accordingly, because the Guideline's range in the plea agreement and post-trial were the same, Defendant cannot show prejudice.

Second, although Defendant's counsel did not make a formal motion for a downward departure or variance, he did argue that the Court should consider various mitigating factors at sentencing under § 3553(a). (May 4, 2017 Sentencing Tr. at 5:17–25.) Specifically, Defendant's counsel argued that Defendant's childhood in a refugee camp, strong family support, and his commitment to participate in positive programming while incarcerated should all be considered as mitigating circumstances. (*Id.* at 6:18–

8

11:4.) No prejudice resulted from the absence of a formal motion for a downward departure or variance. In the absence of prejudice, there is no need for an evidentiary hearing.

### 3. Certificate of Appealability

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court has considered whether the issuance of a certificate is appropriate here and finds that no issue raised is "debatable among reasonable jurists." *Fleiger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). Accordingly, the Court declines to issue a certificate of appealability.

## III. Order

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Tong Moua's Pro Se Motion to Vacate, Set Aside, or Correct the Sentence Imposed Pursuant to 28 U.S.C. § 2255 [Doc. No. 164] is **DENIED**;

2. Defendant Tong Moua's Motion for an Evidentiary Hearing [Doc. No. 178] is **DENIED**;

3. Defendant Tong Moua's Motion for Status of Proceedings [Doc. No. 176] is **DENIED** as moot; and

4. A certificate of appealability is **DENIED**.

Dated: July 31, 2019
                                                  s/Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Judge