# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TONG MOUA,<br><br>Defendant. | Case No. 16-CR-104 (SRN/TNL)<br><br><br><br>**ORDER** |

LeeAnn Bell and Melinda Williams, United States Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for Plaintiff.

Tong Moua, Reg. No. 20582-041, USP-Atwater, P.O. Box 019001, Atwater, CA 95301, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

Before the Court are the following pro se motions filed by Defendant Tong Moua: (1) Motion for Status of 2255 Petition [Doc. No. 182]; (2) Motion for Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b)(1) [Doc. No. 192]; and (3) Motion for an Evidentiary Hearing [Doc. No. 194]. For the reasons set forth below, Moua's Motion for Status of 2255 Petition is denied as moot, his Motion for Relief From Judgment is denied, and his Motion for an Evidentiary Hearing is denied.

## I.    BACKGROUND

The Court incorporates by reference the factual information set forth in its July 31, 2019 Order [Doc. No. 180] on Defendant's Pro Se Motion to Vacate, Set Aside or Correct

1

the Sentence Imposed Pursuant to 28 U.S.C. § 2255 Motion ("§ 2255 Motion"). In brief, Defendant Tong Moua was indicted on bank robbery and attempted bank robbery charges in 2016. (Indictment [Doc. No. 12]; Superseding Indictment [Doc. No. 49].) He was represented by counsel from the Federal Defender's Office. Following unsuccessful plea negotiations, Moua proceeded to trial, and was convicted by a jury in December 2016 on two counts of attempted bank robbery and bank robbery, and acquitted on a third count of bank robbery. (*See* July 31, 2019 Order at 3.) On May 4, 2017, the Court sentenced him to a term of imprisonment of 150 months. (*Id.* at 3–4.) Moua filed a direct appeal, which the Eighth Circuit Court of Appeals denied. *United States v. Moua*, 895 F.3d 556 (8th Cir. 2018).

In February 2019, Moua filed his § 2255 Motion, arguing that he had received ineffective assistance of counsel, arising from counsel's alleged failure to provide information about the relative advantages and disadvantages of pleading guilty, and because his counsel did not file a motion for a downward variance at sentencing. (*See* July 31, 2019 Order at 4.)

In the July 31, 2019 Order denying Moua's motion,[1] the Court rejected Moua's argument that his counsel's performance fell below an objective standard of reasonableness. (*Id.* at 4–7.) In addition, the Court found that Moua failed to show that counsel's allegedly deficient performance prejudiced him. (*Id.* at 8–9.) In the absence of

---

[1] It appears that prior to receiving the Court's July 31, 2019 Order in the mail, Moua filed his Pro Se Motion for Status of 2255 Petition [Doc. No. 182] (bearing August 6, 2019 postmark), which remains pending. Because the Court has since ruled on Moua's underlying § 2255 Motion, his Pro Se Motion for Status of 2255 Petition is denied as moot.

2

prejudice, the Court found no need for an evidentiary hearing, and further denied Moua a certificate of appealability. (*Id.* at 9.)

Moua appealed the Court's denial of a certificate of appealability to the Eighth Circuit, which denied his application and dismissed his appeal. (*Moua v. United States*, No. 19-2723, Judgment (Dec. 17, 2019) [Doc. No. 190].)

In his Motion for Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b)(1) ("Rule 60(b) Motion"), Moua asserts that the Court erred in its July 31, 2019 Order. (Def.'s Rule 60(b) Mot. at 1.) He contends that due to a factual dispute, the Court should have held an evidentiary hearing on his § 2255 claim of ineffective assistance of counsel.

## II.     DISCUSSION

Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment or order, and permit the reopening of his case, under very limited circumstances, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Rule 60(b) applies to habeas proceedings to the extent it is not inconsistent with [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")]." *Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009). The AEDPA prohibits the filing of successive habeas petitions without precertification by the court of appeals. 28 U.S.C. § 2244(b). However, where a petitioner's Rule 60(b) motion attacks "some defect in the integrity of the federal habeas corpus proceedings," it does not present a "claim," and need not be treated as a second or successive habeas petition under the AEDPA. *Gonzalez v. Crosby*, 545 U.S. 534, 535–36 (2005). The Eighth Circuit advises district courts, when dealing with purported Rule 60(b) motions after the dismissal of

3

habeas petitions, to "conduct[] a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254." *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002), *cert. denied*, 538 U.S. 953 (2003).

Moua states that due to factual disputes regarding the actions taken by his counsel, the Court should have held an evidentiary hearing on the question of whether counsel's performance fell below an objective standard of reasonableness. (Def.'s Rule 60(b) Mot. at 1–3.) The Court interprets Moua's Rule 60(b) Motion as alleging a procedural defect in the integrity of the proceedings, such that it does not constitute a successive habeas petition. *Gonzalez*, 545 U.S. at 535–36.

Even assuming that Moua's allegations about a factual dispute are true, in the July 31, 2019 Order, the Court found that Moua failed to show any prejudice resulting from his counsel's alleged deficiencies. (July 31, 2019 Order at 7–9.) In order to obtain relief on a claim of ineffective assistance of counsel, a defendant must establish both that his counsel's performance fell below an objective standard of reasonableness *and* that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Given the absence of prejudice, an evidentiary hearing was unnecessary. (July 31, 2019 Order at 9.) Accordingly, as there was no error or mistake in the 2255 proceedings, Moua's Rule 60(b) Motion is denied.

Having found no basis for relief under Rule 60(b), the Court likewise finds no basis to revisit the denial of a certificate of appealability. Not only did this Court decline to issue a certificate of appealability, the Eighth Circuit also declined to do so. (*Moua v. United*

4

*States*, No. 19-2723, Judgment (Dec. 17, 2019).)   Insofar as a certificate of appealability is necessary to appeal from this order, it is also denied, as Moua has not made a substantial showing of the denial of a constitutional right.   *See* 28 U.S.C. § 2253(c)(1)(B)-(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000).

Because the Court denies Moua's Rule 60(b) Motion, it likewise denies his related Motion for an Evidentiary Hearing.

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Defendant's Pro Se Motion for Status of 2255 Petition [Doc. No. 182] is **DENIED AS MOOT**;

2. Defendant's Pro Se Motion for Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b)(1) [Doc. No. 192] is **DENIED**;

3. Defendant's Pro Se Motion for an Evidentiary Hearing [Doc. No. 194] is **DENIED**; and

4. A certificate of appealability is **DENIED**.

Dated: November 30, 2020                         s/Susan Richard Nelson
                                                 SUSAN RICHARD NELSON
                                                 United States District Judge