UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TONG MOUA,<br><br>Defendant. | Case No. 16-CR-104 (SRN/TNL)<br><br><br>**ORDER** |

Tong Moua, Reg. No. 20582-041, USP-Atwater, P.O. Box 019001, Atwater, CA 95301, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

Before the Court is the Pro Se Motion to Reduce Sentence – First Step Act [Doc. No. 229] filed by Defendant Tong Moua. In December 2016, Mr. Moua was convicted on bank robbery and attempted bank robbery charges. He is serving a sentence of 150 months, running concurrently on each count, at USP-Atwater in Atwater, California.

In the instant motion, Mr. Moua seeks relief in obtaining good time credit under the First Step Act ("FSA") for prison coursework. (Def.'s Mot. to Reduce Sent. at 1.) He contends that Bureau of Prisons ("BOP") staff have informed him that although he could qualify for good time credit through coursework, his recidivism level is barring him from obtaining the credits. (*Id*.) Mr. Moua requests that the Court "correct [his] classification status" by "revamping [his] recidivism status." (*Id*.) Only those prisoners whose risk

1

recidivism levels are "minimum" or "low" are eligible for FSA credits to obtain earlier placement in prerelease custody. 18 U.S.C. § 3624(g)(1)(D)(i)(I); *id*. § 3624(g)(1)(D)(ii).

The Court construes Mr. Moua's motion as a challenge to the manner in which the BOP is executing his sentence. Such a motion is properly raised through a habeas petition pursuant to 28 U.S.C. § 2241, after Mr. Moua exhausts his administrative remedies within the BOP. *See Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014) (observing that where a prisoner seeks a remedy that would result in an earlier release from prison, a writ of habeas corpus is the proper remedy). Importantly, a petition under § 2241 must be filed in the district of incarceration rather than through a motion in the criminal case in the district of conviction. *Rumsfeld v. Padilla*, 542 U.S. 426, 443, 447 (2004) ("Whenever a 28 U.S.C. § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.") Because Mr. Moua is not incarcerated in this District, the Court lacks jurisdiction to consider his motion.

Therefore, it is **HEREBY ORDERED** that:

1. Defendant's Pro Se Motion to Reduce Sentence – First Step Act [Doc. No. 229] is **DENIED WITHOUT PREJUDICE**.

Dated: January 30, 2025                               s/Susan Richard Nelson
                                                       SUSAN RICHARD NELSON
                                                       United States District Judge