## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **United States of America,** | **No. 16-CR-104 (SRN/TNL)** |
| **Plaintiff,** | |
| **v.** | **ORDER ON MOTION FOR** |
| | **COMPASSIONATE RELEASE** |
| **Tong Moua,** | |
| **Defendant/Petitioner** | |

Katharine T. Buzicky, Office of the U.S. Attorney, 316 N. Robert St., Ste. 404, Saint Paul, MN 55101; LeeAnn K. Bell and Melinda A. Williams, Office of the U.S. Attorney, 300 S. 4th St., Ste. 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

Tong Moua, Reg. No. 20582-041, USP – Atwater, PO Box 019001, Atwater, CA 95301, Pro Se Defendant/Petitioner

SUSAN RICHARD NELSON, United States District Judge

Before the Court are the Pro Se Motion for Compassionate Release from Custody [Doc. No. 231] and Pro Se Motion for leave to Supplement [Doc. No. 232] (collectively, the "Compassionate Release Motion") filed by Defendant/Petitioner Tong Moua. Mr. Moua seeks release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes Mr. Moua's motion [Doc. No. 241]. Based on a review of the file, record, and proceedings herein, and for the following reasons, the Court denies the motion without prejudice.

## I.    BACKGROUND

In April 2016, Mr. Moua was indicted on multiple bank robbery charges. (Indictment [Doc. No. 12].) In December 2016, a jury found him guilty on two of the

bank robbery charges and not guilty on a third bank robbery charge. (Redacted Verdict Form [Doc. No. 114].) In May 2017, the Court sentenced Mr. Moua to a 150-month term of imprisonment, running concurrently on each count. His 150-month sentence was within the applicable Sentencing Guidelines range. (Sentencing J. [Doc. No. 135] at 2.)

Following his sentencing, Mr. Moua filed a direct appeal [Doc. No. 137] and a motion for collateral relief under 28 U.S.C. § 2255 [Doc. No. 164]. These motions were denied [Doc. Nos. 162; 180; 190]. Mr. Moua also previously sought compassionate release based on his concerns about COVID-19 and long COVID symptoms [Doc. No. 202]. The Court denied his prior compassionate release motion, finding that he failed to present extraordinary and compelling reasons for release [Doc. No. 212].

Mr. Moua is currently incarcerated at the U.S. Penitentiary in Atwater, California, and has a projected release date of January 15, 2027. *See* Federal Bureau of Prisons ("BOP"), *Find an Inmate*, https://www.bop.gov/inmateloc/ (last accessed June 16, 2025).

In the instant motion, Mr. Moua seeks release based on Amendment 829 to the Sentencing Guidelines, citing his young age at the time he committed certain offenses that were included in his criminal history score, and because he contends that he received an unusually long sentence. (Def.'s Comp. Release Mot. at 1–4, 6.) In his Reply memorandum, he also seeks release based on family circumstances. (Def.'s Reply [Doc. No. 246].) He states that his mother suffers from "a host of severe illnesses that increase the prospect of death" and he is her only available caregiver. (*Id.* at 3.)

In opposition, the Government argues that Mr. Moua's Compassionate Release Motion should be denied without prejudice because he has failed to exhaust his

administrative remedies.  (Gov't's Opp'n at 1, 5–6.)  Even if the Court considers his arguments, the Government challenges the validity of § 1B1.13(b)(6)—the authority under which Mr. Moua raises his Amendment 829 argument—and requests a stay pending resolution of this issue before the Eighth Circuit, which is considering the issue in two appeals. (*Id.* at 7–8) (citing *United States v. Loggins*, No. 24-1488 (8th Cir. 2024); *United States v. Crandall*, No. 24-1569 (8th Cir. 2024)).  Absent a stay, the Government requests that the Court declare § 1B1.13(b)(6) invalid.  (*Id.*)  If the Court declines to issue a stay or find § 1B1.13(b)(6) invalid, the Government contends that Mr. Moua is ineligible for relief under § 1B1.13(b)(6).  (*Id.* at 7–9.)  Finally, the Government asserts that consideration of the sentencing factors under 18 U.S.C. § 3553 disfavors release and that Mr. Moua poses a danger to the community.  (*Id.* at 10–11.)

## II.    DISCUSSION

"[A] court may not modify a term of imprisonment once it has been imposed" except pursuant to statute.  *United States v. Marcussen*, 15 F.4th 855, 858 (8th Cir. 2021) (quoting 18 U.S.C. § 3582(c)).  The compassionate release provision, as amended by the First Step Act, is such a statutory exception.  *See* 18 U.S.C. § 3582(c)(1)(A).  A court may reduce a defendant's term of imprisonment if:  (1) "after considering the factors set forth in § 3553(a) to the extent that they are applicable"; (2) the court finds that "extraordinary and compelling reasons warrant such a reduction"; and (3) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

The Sentencing Commission has provided guidance about compassionate release in the U.S. Sentencing Guidelines, § 1B1.13 (2024).  It has identified certain extraordinary

and compelling reasons for a sentence reduction, including:  (1) the medical circumstances of the defendant; (2) the defendant's advanced age; (3) the defendant's family circumstances; or (4) the defendant being a victim of sexual abuse perpetrated by BOP staff.  U.S.S.G. § 1B1.13(b)(1)–(4).  In addition, a catch-all provision for "other reasons" permits courts to consider "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4) [noted above]" that "are similar in gravity to those described in paragraphs (1) through (4)."  *Id.*  § 1B1.13(b)(5).

Also, the Sentencing Commission has addressed the impact of changes in the law on defendants who have received "unusually long sentence[s]," finding that this may also constitute an extraordinary and compelling reason for a sentence reduction:

> (6) <u>Unusually Long Sentence</u>.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

*Id.* § 1B1.13(b)(6).  The unusually-long-sentence provision is subject to the following limitation:

> Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made

4

retroactive) may be considered for purposes of determining the extent of any
such reduction.

*Id.* § 1B1.13(c).

A defendant seeking compassionate release "bears the burden to establish he is
eligible for a sentence reduction." *United States v. Demikh*, No. 15-CR-1132 (MJD/HB),
2022 WL 2643903, at *1 (D. Minn. July 8, 2022) (citing *United States v. Jones*, 836 F.3d
896, 899 (8th Cir. 2016); *United States v. Ocanas*, 516 F. Supp. 3d 936, 938 (D. Minn. Feb.
2, 2021)).

**A. Administrative Exhaustion**

As an initial matter, Mr. Moua bears the burden of demonstrating that before he
brought his Compassionate Release Motion, he first exhausted his administrative remedies
with the BOP.  He may do so in either of two ways—by presenting evidence of a direct
denial of his request for compassionate release, or by the lapse of 30 days without a reply
from the BOP.  *See* 18 U.S.C. § 3582(c)(1)(A).  Although Mr. Moua claims to have sought
relief within the BOP on December 4, 2024, (Def.'s Reply at 2), he has failed to submit
any documentation of his request.  (*Id.*)  Moreover, he raises an entirely new basis for relief
in his Reply—his family circumstances.  Even assuming he submitted a BOP request for
compassionate release on December 4, 2024, it would not have covered his newly asserted
basis for relief.  Moreover, while it is not the Government's burden to do so, the
Government attempted to independently locate documentation of exhaustion of Mr.
Moua's claims for relief under Amendment 829, but did not find any such documentation.
(Gov't's Opp'n at 5–6.)

While the Court liberally construes pro se filings, *see United States v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), a pro se movant must still comply with the applicable statutory requirements underlying their § 3582(c) motion, and must offer evidence of such compliance sufficient to meet their burden of proof. *See Ocanas*, 516 F. Supp.3d at 938 n.2 (finding that initially "there was no evidence in the record demonstrating that Ocanas had exhausted his administrative rights" but that he later "provided evidence that he petitioned the warden for compassionate release" without reply and that, "[t]herefore, the motion [was] properly before the Court."). On the record before the Court, Mr. Moua has not met his burden on the matter of administrative exhaustion. Therefore, the Court denies without prejudice his Compassionate Release Motion for failure to exhaust his administrative remedies.

### B. Extraordinary and Compelling Reasons

Even if Mr. Moua had met his burden to demonstrate administrative exhaustion, his Compassionate Release Motion would still fail on the merits.

### 1.  Family Circumstances

Because Mr. Moua raised family circumstances as a ground for relief only in his Reply memorandum, it is not properly before the Court. (D. Minn. Local R. 7.1 (c)(3)(B)) ("A reply memorandum must not raise new grounds for relief or present matters that do not relate to the opposing party's response.").

Even if he had raised this issue in his original memorandum, it would nevertheless fail. A defendant's family circumstances, in narrow instances, may constitute an extraordinary and compelling reason for compassionate release, alone, or in combination

with other reasons.  U.S.S.G. § 1B1.13(b).  As relevant here, relief may be warranted due to the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent."  *Id.* § 1B1.13(b)(3)(C).  While the Court is sympathetic to Mr. Moua's concerns about the declining health of his mother, he does not state that she is incapacitated, nor does he provide sufficient evidence to support his claim, such as detailed medical records, social services records, or birth certificates.[1]  *See United States v. Collins*, Nos. 15-10188-EFM, 17-10061-EFM, 2020 WL 136859, at *4 (D. Kan. Jan. 13, 2020) (arising under related provisions for compassionate release due to the death or incapacitation of a spouse/caregiver of the defendant's minor child, and stating that a prisoner must provide information and documentation  showing incapacitation, as well as verifiable documentation of the relationship between the inmate and the family member, and verifiable documentation providing the name and age of the family member, and a release plan).  Thus, even if Mr. Moua had exhausted his administrative remedies, he could not meet the burden of establishing that his family circumstances warrant relief.

### 2.  Unusually Long Sentence

Although Mr. Moua does not expressly invoke Sentencing Guidelines § 1B1.13(b)(6), the Court considers his motion in this context because he refers to the effect of Guidelines Amendment 829 in support of his claim for relief.  (Def.'s Comp. Release

---

[1] While Mr. Moua provides ten pages of electronic medical records for a person who is presumably his mother, the records simply list "current health issues" and "current medications" [Doc. No. 245].  They do not describe an incapacitating condition, nor does Mr. Moua provide any documentation of the relationship between himself and the subject of the medical records.  Nor does he provide any documentation demonstrating that he would be the only available caregiver for his mother.

Mot. at 1.)  As noted earlier, § 1B1.13(b)(6) applies to defendants who have received unusually long sentences, who have served at least 10 years of imprisonment, and for whom a change in the law (other than an amendment to the Guidelines that has not been made retroactive) "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."  U.S.S.G. § 1B1.13(b)(6).

Amendment 829 modified language in Guidelines § 5H1.1 regarding youthful offenders.  The Guidelines Policy Statement on "age" states that "[a]ge may be relevant in determining whether a departure is warranted" and that

> [a] downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses. Certain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships. In addition, youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood. Youthful individuals also are more amenable to rehabilitation.
>
> The age-crime curve, one of the most consistent findings in criminology, demonstrates that criminal behavior tends to decrease with age. Age-appropriate interventions and other protective factors may promote desistance from crime. Accordingly, in an appropriate case, the court may consider whether a form of punishment other than imprisonment might be sufficient to meet the purposes of sentencing.

U.S.S.G. § 5H1.1.

While the Government asks the Court to stay its ruling on Mr. Moua's Compassionate Release Motion pending resolution of the appeals to the Eighth Circuit in *Crandall* and *Loggins* on related arguments, the Court declines to reserve its ruling.  The

8

Eighth Circuit recently heard oral argument on these appeals on April 17, 2025, and it may not have the opportunity to rule for some time.

Nor does the Court need to reach the question of whether § 1B1.13(b)(6) is invalid, because even assuming its validity, Mr. Moua is ineligible for relief on the merits, for several reasons. *See United States v. Dunn*, No. 17-cr-168 (SRN/KMM), 2025 WL 1364166, at *4 (D. Minn. May 12, 2025) (finding defendant ineligible for relief, even assuming the validity of § 1B1.13(b)(6)); *United States v. Reese*, 735 F. Supp. 3d 1094, 1099 (D. Minn. 2024) (noting "an ongoing debate among the circuit courts regarding the validity and application of U.S.S.G. § 1B1.13(b)(6)," and resolving the defendant's compassionate release motion on other grounds); *see also United States v. Salazar*, No. 23-cr-247(1) (DWF/DTS), 2025 WL 1207589, at *1 (D. Minn. Apr. 25, 2025) (acknowledging "ongoing debate," and declining to address the section's validity or to stay the case pending the Eighth Circuit's decision in *Loggins* and *Crandall* because defendant's argument failed on the merits).

Amendment 829 has not been made retroactively applicable to defendants seeking a reduction in sentence. *See* U.S.S.G. § 1B1.10 (listing amendments for which a reduction in sentence may apply retroactively, and not listing Amendment 829); *see also Dunn*, 2025 WL 1364166, at *4. The Sentencing Commission's policy statement provides that a "an amendment to the Guidelines Manual that has not been made retroactive [] shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. § 1B1.13(c). While a non-retroactive change may not serve as an independent basis for relief, if a defendant *otherwise establishes*

extraordinary and compelling reasons for a sentence reduction, courts may take into consideration a non-retroactive amendment, but only to determine *the extent* of any such reduction. *Id.* (emphasis added). Mr. Moua has not otherwise established that extraordinary and compelling reasons warrant a reduction in sentence.

Moreover, the Court sentenced Mr. Moua to a total sentence of 150 months, and he has not yet served a sentence of "at least 10 years," as required for relief under this provision. U.S.S.G. § 1B1.13(b)(6) ("If a defendant received an unusually long sentence and *has served at least 10 years of the term of imprisonment . . .*") (emphasis added). Finally, while the Guidelines do not define what constitutes an "unusually long" sentence, Mr. Moua received a within-Guidelines sentence and the Court does not find his sentence to be unusually long.

Accordingly, Mr. Moua is ineligible for relief under Guidelines § 1B1.13(b)(6), under which his Amendment 829 claim arises.

### C. Section 3553 Sentencing Factors

Pursuant to the Sentencing Commission's policy statement, a court may reduce a term of imprisonment for an eligible defendant only after considering the sentencing factors set forth in 18 U.S.C. § 3553(a),[2] if applicable, and if the court determines that

---

[2] Pursuant to § 3553(a), and as relevant here, the sentencing court shall consider—

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or

"the defendant is not a danger to the safety of any other person or to the community.
U.S.S.G. § 1B1.13(a)(2).

Even if Mr. Moua had exhausted his administrative remedies, consideration of the
§ 3553(a) factors would not weigh in favor of relief.  His current sentence reflects the
seriousness of his bank robbery offenses, as well as his own history and characteristics.
He has a lengthy and concerning criminal history, and was not deterred by his prior
sentences.  Mr. Moua's current sentence appropriately provides just punishment for the
offense and affords adequate deterrence to criminal conduct.  18 U.S.C. § 3553(a)(2)(A)–
(B).

## III.    CONCLUSION

Accordingly, based on the foregoing and on all the files, records, and proceedings
herein it is **HEREBY ORDERED THAT**:

1. The Pro Se Motion for Compassionate Release from Custody [Doc. Nos. 231 &
232] filed by Defendant/Petitioner Tong Moua is **DENIED without prejudice**.

Dated: June 17, 2025

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge

---

vocational training, medical care, or other correctional treatment in the most
effective manner; (3) the kinds of sentences available; (4) the kinds of
sentence and the sentencing range established for-- (A) the applicable
category of offense committed by the applicable category of defendant as set
forth in the guidelines.

18 U.S.C. § 3553(a).